As I think the real and substantial justice of this case was settled by the award I should be unwilling to set it aside unless compelled to do so by some rule of law. When Jones brought the land he expected to obtain an undisputed title, but discovering that the vendor claimed under a younger patent, when the same land had been previously patented, he sued on the covenant in the deed, and before the cause was put to issue the parties referred it to four of their neighbors to settle. The arbitrators decided from the fact of the older patent and possession under it that the defendant's seven years' possession did not give him a title, and that the possession of those claiming under Coxe's patent was co-extensive with their claim. Admitting the law to be otherwise, still it gives Jones such a title as is liable to be drawn into controversy and which he cannot establish in the common way of land titles by producing recorded grants and deeds, but must resort to parol evidence to prove Frazier's possession. It may happen, too, that some of the parties claiming under the elder patent may have been under disability during the whole time of Frazier's possession, thereby preventing it from ripening into a title. Now an award ought not to be set aside until it certainly appears to be against law, and that in a case where the arbitrators meant to decide according to law. From the few facts set forth in the case I cannot draw this inference, and therefore think that the judgment of the Circuit Court setting aside the award should be reversed and judgment be entered according to the award.